IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA LONG,<br><br>Individually, and on behalf of<br>all others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>WEHNER MULTIFAMILY, LLC,<br><br> Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO.<br>§<br>§  _____<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

**I.**

**INTRODUCTION**

  Plaintiff Lisa Long (Long), individually and on behalf of all others similarly situated (Plaintiff Class), file this Original Class Action Complaint against Defendant Wehner Multifamily, LLC (Wehner).

# I.

# PARTIES

1. Plaintiff Lisa Long is an individual and a citizen of Dallas County, Texas.

2. Defendant is a limited liability company organized under the laws of the state of Texas with its principal place of business located at 5526 Dyer Street, Suite 203, Dallas, Texas 75206-5041. Wehner may be served with process, including summons and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Robert L. Eden, at 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251, or wherever he may be found.

# II.

# JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert a claim arising under federal law.[1]

# III.

# VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

5. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1).

---

[1] 28 U.S.C. § 1331.

## IV.

## **COVERAGE ALLEGATIONS**

6. Defendant transacts substantial business in this judicial district.

7. At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

8. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all material times, Defendant has been an enterprise engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

10. At all materials times, Plaintiffs were individual employees of Defendant who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.

## BACKGROUND FACTS

11. Plaintiff Lisa Long worked for Wehner from on or around January 26, 2014, until June 3, 2016.

12. During her employment, Long worked more than forty hours per workweek and was not timely paid 150% of her effective hourly rate for her hours above 40.

13. Upon the termination of her employment, Wehner paid Long a portion of her unpaid overtime – effectively conceding both that Long was eligible for overtime, that Long worked overtime hours, and that Wehner failed to pay her an overtime rate.

14. Wehner failed to compensate Long fully for the overtime she worked, and moreover, failed to pay her the overtime during the pay period in which the work was performed.

15. Upon information and belief, it was Wehner's practice to simply not pay its employees overtime.

16. When Long started working for Wehner, her supervisor – Office Manager Robin Hester – told Long flat out "We don't pay time and a half for overtime," or words of similar effect.

17. From conversations with multiple coworkers, including Melissa Davis, Rafael "Joel" Delgado, Cheryl Summers, and Lydia Morales, Long learned that Wehner seldom, if ever, paid them overtime.

18. In or around January 2015, Long approached Owner Ryan Wehner about hiring her ex-husband James Best as a maintenance worker.

19. Mr. Wehner told Long that he typically didn't hire "white boys" because they "didn't work as hard as wetbacks."

20. Long also asked Mr. Wehner if he paid overtime to maintenance employees, and Mr. Wehner said he does not because "they'll work nonstop for a dollar," or words of similar effect.

21. In addition, Long witnessed a conversation in which co-owner Buffy Wehner, Mr. Wehner's wife, told Accounts Payable Clerk Valerie Gonzalez that Defendant was changing her (Gonzalez) from salary to hourly as she should have never been salaried because she was not a manager and that Wehner "didn't want to get sued," or words of similar effect.

22. Moreover, Hester told me that Wehner for a time was paying all new hire employees on a salary basis to "avoid the overtime issue," or words of similar effect, regardless of whether they were overtime exempt or not.

## VI.
## COLLECTIVE ALLEGATIONS

23. Like Plaintiffs, other hourly Wehner employees have been victimized by these unlawful practices.

24. Some of these employees have reported to Plaintiffs that they were paid in the same manner as Plaintiffs with no overtime pay for time worked in excess of forty hours per workweek.

25. From discussions with these employees, Plaintiffs are aware that Wehner's illegal policies and practices have been uniformly imposed on the Class Members.

26. The Class Members perform the same or similar job duties, including that they all perform non-exempt work.

27. These employees are similarly situated to Plaintiffs in terms of job duties and pay provisions.

28. Wehner's failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

29. Thus, Plaintiffs' experiences are typical of the experiences of the Class Members.

30. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.

31. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation (one and one half their regular rate of pay) for all time worked in excess of forty hours per workweek.

32. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

33. The questions of law and fact are common to Plaintiffs and the Class Members.

34. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**All Non-Management Employees from May 10, 2014, to Date**

35. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representative of a group of similarly situated individuals as defined.

## VII.

## CAUSES OF ACTION

**A.     First Cause of Action—Failure to Pay Wages in Accordance with the FLSA—Plaintiffs and the Plaintiff Class**

36.     Plaintiff and the Plaintiff Class incorporate each of the foregoing paragraphs.

37.     Wehner's practice of not paying employees, including Plaintiffs, one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek

38.     Wehner's actions violate 29 U.S.C. §§ 206, 207, and 215(a)(2).

## VIII.

## DAMAGES

39.     Plaintiff and the Plaintiff Class incorporate each of the foregoing paragraphs.

40.     Wehner's actions violated 29 U.S.C. § 207(a).

41.     Pursuant to 29 U.S.C. § 216(b), Plaintiff and the Plaintiff Class seek to recover all unpaid minimum wages and unpaid overtime compensation.

42.     Plaintiff and the Plaintiff Class also seek as liquidated damages an amount equal to that recovered for unpaid minimum wages and unpaid overtime compensation.

43.     Plaintiff and the Plaintiff Class seek all damages available to them under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

44.     Plaintiff and the Plaintiff Class incorporate each of the foregoing paragraphs.

45.     Plaintiff retained the services of undersigned counsel to prosecute their claims.

46.     Plaintiff and the Plaintiff Class are entitled to recover a reasonable attorneys' fee from Defendant, including costs.

## X.

## JURY DEMAND

47. Plaintiff and the Plaintiff Class demand a trial by jury.

## XI.

## CONCLUSION AND PRAYER

48. Plaintiff and the Plaintiff Class respectfully request that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiffs and the Plaintiff Class:

    A.    All unpaid minimum wages and unpaid overtime compensation;

    B.    Liquidated damages equal to the amount in subsection (A) above;

    C.    Reasonable attorneys' fees and expert fees;

    D.    Court costs;

    E.    Pre-judgment and post-judgment interest at the rate set by law; and

    F.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680
(Facsimile)
**ATTORNEYS FOR PLAINTIFF**