IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA LONG, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:17-CV-01258-N |
| § | | |
| WEHNER MULTIFAMILY, LLC, § | | |
| § | | |
| Defendant. § | | |

### ORDER

This Order addresses Plaintiff Lisa Long's ("Long") motion for conditional class certification and notice to potential plaintiffs [4] and motion to strike [11] and Defendant Wehner Multifamily, LLC's ("Wehner") motion to extend its response deadline [7]. Because Long has satisfied the lenient first step of the two-step *Lusardi* conditional certification process,[1] the Court grants Long's motion and conditionally certifies the class as defined below. The Court denies as moot Long's motion to strike and Wehner's motion to extend its response deadline.

### I. ORIGINS OF THE PLAINTIFF'S OPT-IN CLASS ACTION

This case arises from Long's employment at Wehner. Wehner is a property management company specializing in multifamily apartment communities. Def.'s Resp. to Pl.'s Mot. for Cond. Class Cert. and Notice to Potential Pls. ("Def.'s Resp.") ¶ 7 [9]. Long and the potential class members are current and former Wehner employees. Pl.'s Mot. for

---

[1]*See Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

Cond. Class Cert. and Notice to Potential Pls. ("Mot. for Cond. Cert.") 1 [4]. Long claims she and other similarly situated employees were routinely underpaid for overtime as a result of Wehner's pay policies or practices. Compl. ¶¶ 12–28 [1]. Specifically, Long alleges that Wehner violated the Fair Labor Standards Act ("FLSA") by misclassifying hourly employees as salaried employees, paying all new hires on a salaried basis to "avoid the overtime issue," and failing to timely pay employees for the overtime they worked. *Id.* ¶¶ 12, 15–17, 21–22. Long now moves for conditional certification and notice to a potential class of "opt-in" plaintiffs under the FLSA. Mot. for Cond. Cert. 1 [4].

Because the Court reserves the more rigorous "similarly situated" analysis for the second step of the FLSA certification process under *Lusardi*, as discussed below, the Court grants Long's motion for conditional certification and notice to potential plaintiffs. The Court denies as moot Long's motion to strike and Wehner's motion for extension of time to respond.

## II. STANDARD FOR OPT-IN CLASS ACTIONS UNDER THE FLSA

Section 16(b) of the FLSA allows an individual employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Only those employees who have provided express written consent to join the suit may join a class under the FLSA.[2] This "opt-in" approach distinguishes FLSA class actions from those governed by Federal Rule of Civil Procedure

---

[2] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

23's "opt-out" method. *See* FED. R. CIV. P. 23; *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

Courts use one of two procedures to certify classes under the FLSA. Courts following the dominant approach employ the two-step process exemplified in the *Lusardi v. Xerox Corporation* litigation. 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification).[3] In the first step, "the district court makes a decision—usually based only on the pleadings and any affidavits [that] have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* at 1214. "[A]t the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan'" as evidence sufficient to move beyond the first step. *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

---

[3]After the *Lusardi* district court decertified the opt-in class, the litigation continued in various forms for several years. *See, e.g.*, *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), *vacated in part, modified in part, and remanded sub nom. Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988); *see also Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992).

The second step consists of a "decertification" analysis conducted after the close of discovery[4] and upon motion by the defendant. "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question."[5] *Mooney*, 54 F.3d at 1214. The action then proceeds as follows:

> If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

*Id*. "[B]y its nature," the *Lusardi* approach "does not give a recognizable form to an [FLSA] representative class, but lends itself to *ad hoc* analysis on a case-by-case basis." *Id*. at 1213 (emphasis in original).

The second approach to FLSA class certification, exemplified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), considers "the [FLSA] 'similarly situated' inquiry to be coextensive with Rule 23 class certification." *Mooney*, 54 F.3d at 1214. A court following the *Shushan* approach analyzes FLSA class certification through Rule 23 factors like "numerosity, commonality, typicality, and adequacy of representation."

---

[4]"The fact that some discovery has been conducted" prior to conditional certification "does not increase the plaintiffs' burden . . . to the more onerous standard that applies at the second, decertification stage." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802–03 (S.D. Tex. 2010) (noting that the more rigorous second-step review "is only appropriate 'after discovery is largely complete and the matter is ready for trial.'" (quoting *Mooney*, 54 F.3d at 1214)).

[5]"*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the 'similarly situated' analysis." *Mooney*, 54 F.3d at 1213 (citing various factors used in *Lusardi*, 118 F.R.D. at 359 (original decertification order), and *Lusardi*, 122 F.R.D. at 465–66 (decertification order on remand)).

*Id.* (internal quotation marks omitted). "Under this methodology, the primary distinction between an [FLSA] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the [FLSA] representative action are not bound by its results." *Id.*

The Fifth Circuit has expressly declined "to decide which, if either, of the competing methodologies should be employed in making an [FLSA] class certification decision." *Id.* at 1216. Like most courts, however, the Northern District of Texas more commonly adheres to the two-step *Lusardi* method. *See, e.g.*, *Oliver v. Aegis Commc'ns Grp., Inc.*, 2008 WL 7483891, at *3 (N.D. Tex. 2008) (Kinkeade, J.) (collecting cases). The Court sees no reason to deviate from that practice in this case.

### III. THE COURT CONDITIONALLY CERTIFIES THE OPT-IN CLASS

Long asks the Court to conditionally certify a class consisting of "all employees who worked for Defendant Wehner Multifamily, LLC . . . during the past three years." Mot. for Cond. Cert. 1 [4]. The Court must thus determine at this stage whether, in the words of several courts, "some identifiable facts or legal nexus . . . binds the claims so that hearing the cases together promotes judicial efficiency." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (quoting *Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554, at *5 (S.D. Tex. 2006)). The Court finds such a nexus here. Thus, the Court reserves a similarly situated determination for the second step of the analysis.

Long claims Wehner subjected its employees to a common wage policy that resulted in systematic underpayment for overtime worked. Long alleges that she spoke with four named Wehner employees who were denied overtime, as well as "other individuals who worked under the same conditions and pay provisions, who were subject to the same policies

ORDER – PAGE 5

to deprive them of overtime pay, and who Long believes would join this action if they were made aware of it through Court-supervised notice." Mot. for Cond. Cert. 12 [4]. Because Long's allegations are sufficient to support conditional certification of a class of non-management Wehner employees, the Court grants Long's motion for conditional certification to the extent that it is reasonable in scope and conducive to judicial efficiency.

In response to Long's motion, Wehner argues that conditional certification should be denied because Long has not shown that others want to opt into the lawsuit. Def.'s Resp. ¶ 11 [9]. But "[m]any courts have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in." *Walker*, 870 F. Supp. 2d at 471 (internal citations omitted); *see also Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) ("[A] plaintiff need not present evidence at this stage . . . that aggrieved individuals actually want to opt in to the lawsuit."). Wehner also argues that Long is not similarly situated to the putative class she seeks to represent. Wehner is correct that Long must be similarly situated to represent the class, even at the first step of the lenient *Lusardi* approach. But at most, Long must only demonstrate that she and the proposed class "are 'similarly situated with respect to their job requirements and with regard to their pay provisions. [The] positions need not be identical, but similar.'" *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. 2002) (alteration in original) (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)). Long has identified four named employees, as well as "other individuals who worked under the same conditions and pay provisions" that allegedly deprived them of overtime pay. Mot. for Cond.

Cert. 12 [4]. The Court reserves the more searching determination of whether the plaintiffs are similarly situated for after discovery is complete.

Wehner further asserts that "[t]he individualized inquiries necessary to determine [the] alleged damages of the class action bolster the conclusion that a class should not be conditionally certified." Def.'s Resp. ¶ 20 [9]. But the only FLSA case Wehner cites for this proposition involved the prospect of 2,341 separate evidentiary hearings on damages. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 773 (7th Cir. 2013). Wehner has identified no such concerns here. At this stage, the Court finds that Long has sufficiently demonstrated "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Walker*, 870 F. Supp. 2d at 465 (alteration in original).

Finally, Wehner argues that Long's proposed class is excessively broad. According to her complaint, Long seeks to represent a class consisting of "All Non-Management Employees from May 10, 2014, to Date." Compl. ¶ 35 [1]. Long now moves to conditionally certify a broader class encompassing "all employees who worked for Defendant Wehner . . . during the past three years." Because Long's claims regarding overtime pay concern only non-management employees, the Court concludes that Long has provided sufficient evidence to conditionally certify a class consisting of all current and former non-management employees who worked for Wehner during the period between May 10, 2014 and June 3, 2016, the date on which Long's employment at Wehner ceased. *See* Compl. ¶ 11 [1].

The Court orders Wehner to provide Long with the name, last known mailing address, email address, and telephone number (the "Employee Information") of each individual falling within the conditionally certified class. Wehner shall provide the Employee Information in an electronic format, or in written format if not available in electronic form, within ten (10) days of the date of this Order. Long shall use the Employee Information only to mail or email notice to potential opt-in plaintiffs. Wehner will also post the notice and consent forms at each of its offices.

Wehner shall have seven (7) days from the date of this Order to confer with Long regarding the content of the notice and consent forms, or to submit its objections to Long's proposal and any competing proposal. Long shall have seven (7) days to submit her objections to Wehner's proposal. If the parties agree on the content of the notice and consent forms, the Court authorizes Long to mail, at her own cost, a copy of the notice letter and consent form, along with a self-addressed, postage-paid return envelope, to each potential class member. Long shall mail these materials within seven (7) days after Wehner turns over the Employee Information (the "Mailing Date"). Potential plaintiffs shall have ninety (90) days from the Mailing Date to file a consent form opting into this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

Long's counsel shall date-stamp the returned consent forms on the day they are received in counsel's office and retain any envelope or other evidence showing the date the consent forms were postmarked or fax-stamped. All consent forms postmarked or fax-stamped on or before the last day of the Opt-In Period will be considered timely. The Court will not accept consent forms postmarked or fax-stamped after the Opt-In Period expires.

Within fourteen (14) days after the last day of the Opt-In Period, Long's counsel, on behalf of the opting-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual. The Court tolls the statute of limitations for each opt-in class member through the Filing Date. The Court will accept late-filed consent forms only for good cause.

The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date. The Court further orders Wehner to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under *Lusardi*'s second-step analysis. If no such motion is timely filed, the Court will deem the class finally certified.

## CONCLUSION

The Court grants Long's motion for conditional certification and notice, conditionally certifies the proposed class, and authorizes notice to potential plaintiffs pursuant to the terms set forth above. The Court denies as moot Long's motion to strike and Wehner's motion to extend its response deadline.

Signed September 28, 2017.

David C. Godbey
United States District Judge