IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LISA LONG,** | § | |
| | § | |
| Individually, and on behalf of | § | |
| all others similarly situated, | § | |
| | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:17-CV-01258-S |
| **WEHNER MULTIFAMILY, LLC,** | § | |
| | § | |
| Defendant. | § | |

**UNOPPOSED MOTION FOR APPROVAL OF COLLECTION ACTION SETTLEMENT**

**I.**

**INTRODUCTION**

Plaintiff Lisa Long, individually and on behalf of all others similarly situated (Plaintiff Class) now moves the Court to approve the collective action settlement in connection with the Court's previously granted Motion for Class Certification and Approval of Proposed Class Settlement.

**II.**

**BASIS FOR THE MOTION**

Plaintiff filed this action on behalf of herself and the Plaintiff Class seeking damages under the Fair Labor Standards Act. Plaintiff alleges from at least May 10, 2014, until May 2015, Defendant had a pay practice that failed to pay employees one and one-half times their hourly rate for all hours worked in excess of forty hours per week.

Plaintiff requested, and the Court granted, Plaintiff's Motion to Certify Conditional Class of the following individuals:

All current and former individuals employed by Wehner from May 10, 2014, to present.

The Court granted conditional certification, and notice was mailed to the Plaintiff Class. As of today, thirteen individuals have opted into the Plaintiff Class.[1]

## III.

## ARGUMENT

"The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours."[2] It was designed to ensure that each employee covered by the Act would receive "[a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay."[3] Under Section 16(b), an employer who violates § 206 or 207 is liable to the employee or employees affected in the amount of their unpaid minimum or overtime compensation, and for an additional equal amount as liquidated damages.[4]

There are, essentially, two ways in which back wage claims arising under the FLSA can be settled or compromised by employees and employers. In addition to the waiver by employees of the right to bring suit for both unpaid wages and liquidated damages when the Secretary of Labor supervises a settlement pursuant to 29 U.S.C. § 216(c), district court approval of a disputed claim is authorized after the district court "scrutinize[es] the settlement for fairness."[5] To approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a

---

[1] Several of these individuals did not work any overtime during the period in question, and thus are not receiving compensation under this Agreement. Plaintiff's counsel has confirmed that no wages are owed to these individuals.

[2] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717-18 (E.D. La. 2008) (citing *Barrentine v. Ark.-Best Freight Sys.,* 450 U.S. 728, 739 (1981); 29 U.S.C. § 202(a)).

[3] *Barrentine,* 450 U.S. at 739.

[4] 29 U.S.C. § 216(b).

[5] *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

stipulated judgment, "a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"[6] The primary focus of the district court's inquiry is ensuring that an employer does not take advantage of its employees in settling their claim for wages.[7]

**A.  Bona Fide Dispute**

In examining whether a bona fide dispute exists, this Court "must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime."[8] But "while the Court must give comprehensive consideration to all relevant factors, the settlement hearing must not be turned into a trial or a rehearsal of the trial."[9] This is because "[s]ettlement is the preferred means of resolving litigation,"[10] and this Court must "keep in mind the strong presumption in favor of finding a settlement fair, and remain aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution."[11]

Although the liquidated damages—or doubling—are presumed in FLSA cases, they are not automatic. The FLSA provides a defendant with a defense to such damages:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may,

---

[6] *Collins*, 568 F. Supp. 2d at 719 (quoting *Lynn's Food Stores*, 679 F.2d at 1355).

[7] *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354).

[8] *Id*.

[9] *Id*.

[10] *Id.* at 720 (citing *Williams v. First Nat'l Bank,* 216 U.S. 582, 595 (1910)).

[11] *Id.* (citation and quotation omitted).

in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in § 16 of this title.[12]

But "the award of liquidated damages remains within the discretion of the trial court."[13]

Here, Defendant has paid to those individuals who opted in to the class and who worked overtime during the relevant period, all overtime wages owed, plus the liquidated damage. For two Plaintiffs alleging off-the-clock hours, including named Plaintiff Lisa Long, they are receiving substantial settlements without the expense of depositions and trial.

**B.     Fair and Reasonable**

Borrowing from Rule 23 settlement approval, the district court considers the following six factors to determine whether a settlement is "fair, adequate and reasonable": "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members."[14]

   **1.     Fraud or Collusion**

"The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."[15] Here, there is nothing from which the Court can or should conclude that there was any collusion between the parties or their counsel. The Parties' counsel engaged in extended, good faith, arm's length negotiations on behalf of Plaintiffs and on behalf of the Plaintiff Class.

---

[12] 29 U.S.C. § 260.

[13] *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998).

[14] *Collins*, 568 F. Supp. 2d at 722 (citing *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983)).

[15] *Id.* at 725.

### 2. Complexity, Expenses, and Likely Duration of Litigation

This case is midway through the process, and this settlement was reached after the conditional certification stage but before Defendant filed a motion to decertify. Thus, there is still substantial litigation to ensue should the case not settle.

A lengthy litigation, which would likely be followed by an appeal by the losing party, creates a lengthy delay before the Plaintiff Class would receive additional payments. This delay also favors settlement today.[16] A trial of this matter is likely to last at least a week and involve significant expense. And issues regarding decertification, etc., are avoided by this settlement.

### 3. Stage of Proceedings

The Parties refer the Court to the discussion in section B2 above.

### 4. Probability of Success of the Merits

As discussed above in section A, Defendant has agreed to pay all opt in Plaintiffs owed overtime wages the full amount of the wages owed plus the liquidated damage. There is really nothing left to litigate as it pertains to these individuals. As to the off-the-clock employees, the amount of time they worked off-the-clock is hotly contested, and thus the amounts awarded in the proposed settlement reflect a substantial recovery for these two individuals. While Plaintiff believes both such individuals could prove the off-the-clock work, Defendant believes these two employees did not perform any such work. Thus, it is clear that the issue of wages owed for these two employees is no "slam dunk" for either side.

### 5. Range of Possible Recovery

The range of recovery here is relatively straight forward—for all but one off-the-clock employee, Plaintiff and all opt in parties who worked overtime but were not paid time and one-

---

[16] *Collins*, 568 F. Supp. 2d at 726.

half times their hourly rate, are being paid not only the unpaid overtime wages, but the liquidated damages as well. The proposed settlement is 100% of the amounts owed to these opt in Plaintiffs. And the off-the-clock Plaintiff is receiving a substantial award without the necessity of depositions and additional discovery.

### 6. Opinions of Class Counsel and Class Representatives

The Parties join in requesting approval of the settlement, which was arrived at after extensive negotiation by class counsel. "The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement."[17]

### C. Attorney's Fees and Costs

The attorney's fees and litigation costs are being paid separately, with no amounts coming from any Plaintiff.

## IV.

## CONCLUSION

The proposed Plaintiff Class and the proposed settlement of the Plaintiff Class's claims constitute a fair and reasonable resolution of a bona fide dispute over Defendant's liability for unpaid overtime wages and liquidated damages to the proposed Plaintiff Class. The proposed settlement meets all the criteria for approval. Therefore, Plaintiff and Defendant request the Court certify the Plaintiff Class and approve the proposed settlement of the Plaintiff Class's claims pursuant to the terms of the Settlement Agreement. Once the Court approves the terms of the Settlement Agreement, the parties request that the Court enter an order of dismissal in the form attached.

---

[17] *Collins*, 568 F. Supp. 2d at 727 (citing *Cotton*, 559 F.2d at 1330).

## V.

## **PRAYER**

Plaintiff and Defendant request the Court approve the proposed settlement of all claims and all attorney's fees owed, and grant Plaintiffs and Defendant all legal or equitable relief the Court deems proper.

        Respectfully submitted,

        /s/ Matthew R. Scott
        MATTHEW R. SCOTT
        Texas Bar No. 00794613
        matt.scott@scottperezlaw.com
        JAVIER PEREZ
        Texas Bar No. 24083650
        javier.perez@scottperezlaw.com
        **SCOTT | PEREZ LLP**
        Founders Square
        900 Jackson Street, Suite 550
        Dallas, Texas 75202
        214-965-9675 / 214-965-9680 (Facsimile)
        **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF CONFERENCE**

  I certify that I have conferred with counsel for Defendant and Defendant does not oppose the relief requested in this Motion. The Parties have jointly worked through the settlement of the claims, and the settlement agreement, and thus Defendant does not oppose finalization of this case through this Motion and request for entry of a Final Judgment.

              /s/ Matthew R. Scott
              MATTHEW R. SCOTT

## CERTIFICATE OF CONFERENCE

I certify that a copy of this document was served on all counsel of record through the ECF system on July 30, 2018.

/s/ Matthew R. Scott
MATTHEW R. SCOTT